IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02227-RPM

CHEVRON U.S.A. INC., a Pennsylvania corporation,

    Plaintiff,

v.

BERRY PETROLEUM COMPANY, a Delaware corporation,

    Defendant.

## PROTECTIVE ORDER

THIS MATTER comes before the Court on Defendant's Motion for Protective Order. The Court, being fully advised, hereby ORDERS as follows:

1.     <u>Definitions</u>: For purposes of this Protective Order the following capitalized terms shall have the meanings indicated:

    a.     "Requesting Party" shall mean the party to this lawsuit seeking disclosure of information.

    b.     "Producing Party" shall mean the party from whom disclosure of information is sought.

    c.     "Confidential Information" shall mean trade secret or other proprietary or confidential documents or other information. Confidential Information shall not be disclosed to any person or entity not a party to this lawsuit except as expressly provided herein

2. Designations:

    a. <u>Documents and Responses to Written Discovery</u>: Each interrogatory answer or portion thereof, each answer to requests for admission or portions thereof, and each page of a document produced in this matter or portions thereof, which is deemed by a Producing Party to disclose Confidential Information of that party, shall be so identified by that party with the name of the classifying party, e.g. "Plaintiff" or "Defendant," followed by the word "Confidential." The identity of the classifying party need not be provided if it is indicated as part of the production number (e.g. plaintiff's document "P00001") contained on the document. Unless otherwise agreed between the parties or otherwise permitted under this Order, the identification and designation of Confidential Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the document is provided to the Requesting Party.

    b. <u>Document Inspections</u>: The parties recognize that in some instances it may not be possible to identify or designate specific documents containing Confidential Information prior to inspection due to the volume of documents and/or the legitimate desire of a party not to mark its original records. Upon written notice, any documents or information which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned to the Producing Party, and copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced documents or information shall be destroyed.

   c. <u>Depositions</u>: To the extent possible, the Parties will attempt to designate deposition transcripts or portions thereof as containing Confidential Information during the deposition. Notwithstanding the foregoing, deposition transcripts shall be treated initially as Confidential Information in their entirety until fifteen days after receipt of the final transcript unless the Parties expressly agree otherwise. Only representatives of the Parties, counsel for the Parties, and counsel for the deponent may attend any deposition or portion thereof which has been designated as containing Confidential Information unless Counsel provide advance written notice that another individual may attend a deposition. Within fifteen days after receipt of the final transcript, any party may designate additional portions of a deposition transcript as Confidential Information and such designation shall be accomplished by a letter to all other Parties and the court reporter listing the pages, lines and exhibits constituting Confidential Information. If portions of the transcript or exhibits were designated as Confidential Information during the deposition, such designation remains in force and need not be reasserted under this paragraph. After fifteen days, only those portions of any transcript which are separately designated as Confidential Information (whether during the deposition or after the receipt of the transcript) shall be deemed entitled to protection as Confidential Information as so designated. If a party designates all or a portion of a transcript as Confidential Information, all other Parties shall keep the designated portions of the transcript confidential. Documents designated as Confidential Information pursuant to this Protective Order shall retain their Confidential Information status even though marked as a deposition exhibit, and such status need not be reasserted under this paragraph.

      d.    <u>Inadvertent Failure to Designate</u>: If, through inadvertence, a Producing Party provides any documents or information containing Confidential Information without designating the material as such, the Producing Party may subsequently inform the Receiving Party in writing of the Confidential Information status of the documents or information. The Receiving Party shall thereafter treat the disclosed material as Confidential Information, in accordance with the written notification of the inadvertent disclosure. The Receiving Party shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a Confidential Information designation of such designation and of this Order, but shall not otherwise be required to retrieve or take any action to protect the confidentiality of information or copies of documents disclosed prior to the receipt of the Confidential Information designation. Any documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned by the Receiving Party, and the Receiving Party shall also destroy any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information. In the event of a dispute concerning whether such documents are privileged, the burden to establish the privilege shall be on the party asserting the privilege.

      e.    All designations made pursuant to this Order are subject to the provisions of F.R.C.P. 26(g).

    3.    <u>Restrictions on Use</u>: Any Confidential Information produced during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the Requesting Party or its counsel for any other purpose including, but not limited to, any

business, commercial, competitive or publicity purpose. All obligations and duties arising under this Order shall survive the termination of this action. This Court retains jurisdiction over the parties to resolve any dispute regarding the improper use of information disclosed under this Order. Nothing in this Protective Order shall limit the use of a party's own documents or information, regardless of whether the other party identifies duplicate or similar information as "Confidential."

4. <u>Court Ordered Disclosure:</u> Nothing herein shall prevent disclosure beyond the terms of this Order if the Court, after notice to all affected parties, orders such disclosure.

5. <u>Obligations of Counsel</u>: It shall be the responsibility of Counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Confidential Information as provided herein. All Confidential Information including any and all copies thereof shall be kept by counsel in an appropriately safe place, given its status. Confidential Information may be disclosed to third persons only to the extent necessary for conducting this litigation, only when such disclosure is preceded by a copy of this Order, and only as follows:

    a. <u>The Court:</u> The Court, persons employed by the Court, jury personnel, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

    b. <u>Experts</u>: Confidential Information may be disclosed to testifying or non-testifying experts who are not employees of the Parties and are utilized for purposes of this litigation only after each such person has read this Order and consented in writing to

be bound by the provisions thereof as indicated by execution of the Acknowledgment attached hereto as Exhibit A.

c. <u>Non-Parties</u>: With the exception of witnesses while testifying at trial, or persons who either authored or previously received Confidential Information, such information may be disclosed to other persons not authorized by this Protective Order only with the mutual agreement in writing between counsel for the Parties in advance of any disclosure to such person.

d. <u>Deposition Witnesses:</u> Confidential Information may be disclosed to deposition witnesses during a deposition, while being questioned by counsel for a Party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, to the extent relevant to information reasonably believed to be within their knowledge. Counsel shall provide such witnesses with a copy of this Order and request that such witnesses sign an Acknowledgment in the form attached as Exhibit A unless the witness being questioned is a present or past employee or consultant of the Producing Party. If any such witness refuses to sign the acknowledgement, the question whether the witness shall be shown and questioned about the Confidential Information shall be presented to the Court.

e. <u>Authors or Recipients:</u> Confidential Information may be disclosed to an author or prior recipient of the Confidential Information to be disclosed, summarized, described, characterized or otherwise communicated or made available;

f. <u>Other:</u> Confidential Information may be disclosed to outside photocopying, imaging, data base, graphics or design services retained by counsel for

purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action and to outside stenographers and videographers employed by counsel in connection with depositions and other like proceedings.

6.  If any Producing Party believes that its Confidential Information warrants protections in addition to those provided by this Protective Order, that Producing Party may petition the Court for an Order imposing such additional protections.

7.  Pleadings: If documents or information designated as "Confidential Information" in accordance with the terms of this Protective Order are made exhibits to briefs or pleadings, such exhibit shall be filed pursuant to D.C.COLO.LCivR 7.2. The parties shall not quote Confidential Information in a brief or pleading, but may refer generally to such Confidential Information without disclosing such Confidential Information and file the Confidential Information as exhibits under seal.

8.  Conclusion of the Litigation: Within sixty (60) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, Counsel and all other persons having possession or control of another party's Confidential Information shall provide copies of all executed Exhibit A documents unless already provided and shall: (a) return all Confidential Information and any copies thereof to the appropriate counsel who produced the Confidential Information; or (b) destroy such Confidential Information and all copies to the extent it contains or is contained in any notes, summaries, digests, synopses or other document added by counsel or any other person after production. At the written request of a party, the other party shall provide written confirmation of such destruction. Notwithstanding the foregoing, counsel may

retain court papers, deposition and trial transcripts and exhibits, and attorney work product (including court papers, transcripts, and attorney work product that contains Confidential Information), provided that such counsel, and employees of such counsel, shall not disclose any Confidential Information contained in such court papers, transcripts, exhibits, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party.

9. <u>Trial Procedures</u>:  This Protective Order is not intended to address the admissibility of evidence at trial.  If a party seeks to limit the publication of Confidential Information at the trial or any hearing in this matter, the burden shall be on the party seeking to limit the use of such information to obtain relief from the Court in advance of the trial or hearing.

10. <u>Interim Effect</u>:  Defendant submits this Protective Order to the Court for approval. Following approval, this Protective Order shall continue in effect until further order of this Court.  For purpose of proceeding with discovery without delay, pending the Court's approval of this Order, the parties have signed a separate agreement to conduct discovery under the terms of this Order and Confidential Information shall be protected by the parties pursuant to these terms.

Entered this 31st day of May, 2011.

United States District Court Judge
Richard P. Matsch

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02227-RPM

CHEVRON U.S.A. INC., a Pennsylvania corporation,

    Plaintiff,

v.

BERRY PETROLEUM COMPANY, a Delaware corporation,

    Defendant.

---

## ACKNOWLEDGMENT

The undersigned acknowledges that he or she has read the Stipulated Protective Order in the above-captioned case and agrees to be bound by its terms and that he or she consents to the jurisdiction of the United States District Court for the District of Colorado in all matters concerning the Stipulated Protective Order and this Acknowledgment.

_____
(Signature)

_____
(Printed Name)

_____
(Date)

4811-4624-66651